~~Katherine M. Dugdale, Bar No. 168014~~
~~KDugdale@perkinscoie.com~~
~~Audra M. Mori, Bar No. 162850~~
~~AMori@perkinscoie.com~~
~~PERKINS COIE LLP~~
~~1888 Century Park E., Suite 1700~~
~~Los Angeles, CA 90067-1721~~
~~Telephone: 310.788.9900~~
~~Facsimile: 310.788.3399~~

~~Attorneys for Plaintiff~~
~~MICROSOFT CORPORATION~~

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

MAR - 8 2013

CENTRAL DISTRICT OF CALIFORNIA
BY shy  DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| MICROSOFT CORPORATION, a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>GORILLA BUSINESS TECHNOLOGIES, INC., a California corporation d/b/a BUSINESS TECHNOLOGY ENTERPRISE and BTE; and JOHN DOES 1 through 3,<br><br>Defendants. | Case No. SA 12-CV-00827 JGB (ANx)<br><br>**~~[PROPOSED]~~ CONFIDENTIALITY ORDER**<br><br>*Stipulation for Confidentiality Order filed concurrently herewith* |

Pursuant to the Stipulation for Confidentiality Order by plaintiff and defendants, and good cause appearing therefore, the following Confidentiality Order is hereby entered:

1. The Stipulated Confidentiality Order (the "Order") shall be applicable to and govern all depositions, documents produced in response to requests for production of documents, answers to interrogatories, responses to requests for admissions, and all other discovery taken pursuant to the Federal Rules of Civil

41826-5600.0026/LEGAL26012669.1

Procedure, as well as all documents produced by either party in response to informal discovery requests, and computerized records (collectively, "RECORDS") which the disclosing party designates as "CONFIDENTIAL MATERIAL" or "RESTRICTED MATERIAL" hereafter furnished, directly or indirectly, by or on behalf of any party in connection with this action.

2.  In designating RECORDS as "CONFIDENTIAL MATERIAL" or "RESTRICTED MATERIAL," a party shall make such a designation of CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL only for RECORDS which that party in good faith believes contain trade secret or other confidential, competitive or proprietary business information used by it in, or pertaining to, its business which the party takes appropriate efforts to keep confidential or which the party is otherwise required to keep confidential by agreement or law. For a designation of RECORDS as "RESTRICTED MATERIAL," the party must additionally believe in good faith that the RECORDS must not be disclosed to the parties themselves in this litigation and must be subject to the restricted disclosure provided for below. CONFIDENTIAL MATERIAL and RESTRICTED MATERIAL shall be used solely for the purpose of conducting this litigation and not for any other purpose. No RECORDS which evidence the acquisition of Microsoft software and/or components thereof by the defendants, including but not limited to invoices and purchase orders, shall be designated CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL.

3.  RECORDS designated as CONFIDENTIAL MATERIAL may be disclosed only to the following persons:

   a.  the attorneys working on this action on behalf of any party, including in-house attorneys;

   b.  any paralegal assistants, stenographic and clerical employees working under the direct supervision of such counsel;

      c.    any parties to this action who are individuals, and the employees, directors or officers of parties to this action who are corporations or partnerships, to the extent necessary to further the interest of the parties in this litigation;

      d.    any person not employed by a party who is expressly retained or sought to be retained by any attorney described in paragraph 3(a) to assist in preparation of this action for trial, with disclosure only to the extent necessary to perform such work;

      e.    any witnesses who appear for deposition or trial in this matter, and their counsel of record, during the course of their testimony, upon the witness being advised of the need and agreeing to keep the RECORDS confidential; and

      f.    the Court.

4.    RECORDS designated as "RESTRICTED MATERIAL" may be disclosed only to the following persons:

      a.    the attorneys working on this action on behalf of any party, including in-house attorneys;

      b.    any paralegal assistants, stenographic and clerical employees working under the direct supervision of such counsel, with disclosure only to the extent necessary to perform their work in connection with this matter;

      c.    any person not employed by a party who is expressly retained or sought to be retained by any attorney described in paragraph 4(a) to assist in preparation of this action for trial, with disclosure only to the extent necessary to perform such work;

      d.    any witnesses who appear for deposition or trial in this matter, and their counsel of record, during the course of their testimony, upon the witness being advised of the need and agreeing to keep the RECORDS confidential; and

      e.    the Court.

5. The persons described in paragraphs 3(d) and 4(c) shall have access to the CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL once they have been made aware of the provisions of the Order and have manifested their assent to be bound thereby by signing a copy of the annexed "ACKNOWLEDGMENT." A list shall be prepared by counsel for the parties hereto of the names of all such persons to whom CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL is disclosed, or to whom the information contained therein is disclosed, and such list shall be available for inspection by the Court and opposing counsel upon request. The other persons described in paragraphs 3 and 4 shall have access to the CONFIDENTIAL MATERIAL and RESTRICTED MATERIAL pursuant to the terms of the Order without signing a copy of the annexed "ACKNOWLEDGEMENT." Similar but separate lists shall also be prepared with respect to CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL provided by third parties. At the time of the termination of this lawsuit by settlement, judgment or otherwise, the parties hereto shall provide other counsel with a copy of the pertinent aforementioned lists upon request. The persons receiving CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL must not disclose it to any other person, except in conformance with the Order. This Stipulation will not require the disclosure of experts other than by Local Rule, Federal Rule of Civil Procedure, and/or court order.

6. Each individual who receives any CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL hereby agrees to subject himself/herself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with or violation of the Order.

7. The recipient of any CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL that is provided under the Order shall maintain such RECORDS in a secure and safe area and shall exercise the same standard of due and proper care

with respect to the storage, custody, use and/or dissemination of such RECORDS as is exercised by the recipient with respect to its own proprietary information.

8. Parties shall designate CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL as follows:

   a. In the case of RECORDS produced pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, interrogatory answers, responses to requests for admissions, and the information contained therein, designation shall be made by placing the following legend on any such RECORD prior to production: "CONFIDENTIAL MATERIAL" or "RESTRICTED MATERIAL." In the event that a party inadvertently fails to stamp or otherwise designate a RECORD as CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL at the time of its production, that party shall have five (5) business days after discovery of such error to so stamp or otherwise designate the RECORD.

   b. In the case of depositions, designation of the portion of the transcript (including exhibits) which contains CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL shall be made by a statement to such effect on the record in the course of the deposition or, upon review of such transcript by counsel for the party to whose CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL the deponent has had access, said counsel shall designate within fourteen (14) days after counsel's receipt of the transcript.

   c. Designated portions of transcripts of depositions will not be filed with the Court unless it is necessary to do so for purposes of trial, motions for summary judgment, or other matters. If a deposition transcript is filed, any CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL shall bear the appropriate legend on the caption page and shall be filed under seal.

9. A party shall not be obligated to challenge the propriety of a CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto.

41826-5600.0026/LEGAL26012669.1                -5-

1 | In the event that any party to this litigation disagrees at any stage of these
2 | proceedings with such designation, such party shall provide to the producing party
3 | written notice of its disagreement with the designation. The parties shall first try to
4 | dispose of such dispute in good faith on an informal basis. If the dispute cannot be
5 | resolved, the party challenging the designation may request appropriate relief from
6 | the Court, but in any event, such relief from the Court shall not be requested before
7 | ten (10) days after the producing party is served with the required notice. The
8 | burden of proving that RECORDS have been properly designated as
9 | CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL shall be on the
10 | party making such designation.

11     10.    Upon an order by the Court after a written application pursuant to
12 | Local Rule 79-5, the Clerk of the Court is directed to maintain under seal all
13 | RECORDS and all transcripts of deposition testimony filed with this Court in this
14 | litigation by any party which are, in whole or in part, designated as
15 | CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL, including all
16 | pleadings, deposition transcripts, exhibits, discovery responses or memoranda
17 | purporting to reproduce or paraphrase such RECORDS.

18     11.    In the event that any CONFIDENTIAL MATERIAL or
19 | RESTRICTED MATERIAL is used in any court proceedings in connection with
20 | this litigation, it shall not lose its CONFIDENTIAL MATERIAL or RESTRICTED
21 | MATERIAL status through such use, and the parties shall take all steps reasonably
22 | required to protect its confidentiality during such use.

23     12.    Nothing in the Order shall preclude any party to the lawsuit, their
24 | attorneys or any other person from disclosing or using, in any manner or for any
25 | purpose, any RECORDS not obtained in this lawsuit, if such RECORDS are
26 | lawfully obtained from a third party, even though the same RECORDS may have
27 | been produced in discovery in this lawsuit and designated as CONFIDENTIAL
28 | MATERIAL or RESTRICTED MATERIAL.

13. Nothing in the Order shall preclude any party to the lawsuit or their attorneys (a) from showing RECORDS designated as CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL to an individual who either prepared or reviewed the RECORDS prior to the filing of this action, or (b) from disclosing or using, in any manner or for any purpose, RECORDS from the party's own files which the party itself has designated as CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL.

14. Within sixty (60) days of the termination of litigation between the parties, all CONFIDENTIAL MATERIAL and RESTRICTED MATERIAL, and all copies thereof, except such copies which have been filed with the Court, utilized in accordance with the Order, or which are and will continue to be maintained in a secure place pursuant to the continuing obligations of the Order, shall be returned to the party which produced it or shall be destroyed.

15. Except as specifically provided herein, the terms, conditions and limitations of the Order shall survive the termination of this action at the option of the designating party.

16. The Order is without prejudice to the right of any party to seek relief from the Court, upon good cause shown, from any of the provisions contained in paragraphs 1 through 14, inclusive hereof.

IT IS SO ORDERED.

Dated: March 8, 2013

HON. ARTHUR NAKAZATO
United States Magistrate Judge

## ACKNOWLEDGEMENT

The undersigned hereby acknowledges that he/she has read the CONFIDENTIALITY ORDER which was entered by the Court on _____, 2013 in <u>Microsoft Corp. v. Gorilla Business Technologies, et al.</u>, Case No. SA 12-CV-00827 JGB (ANx), that he/she is one of the persons contemplated in paragraph 3 and 4 thereof as authorized to receive disclosure of RECORDS designated CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL by any of the parties or by third parties, and that he/she fully understand and agrees to abide by the obligations and conditions of the Confidentiality Order. The undersigned further consents to be subject to the jurisdiction of the United States District Court for the Central District of California for purposes of any proceedings relating to performance under, compliance with or violation of the above-described Order.

_____

Dated: _____, 200__